IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON NEEDHAM aka AARON D.T. NEEDHAM, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>FANNIE MAE; eTITLE INSURANCE AGENCY, a Utah limited liability company; WELLS FARGO BANK, N.A., a South Dakota Corporation;  SHALOM RUBANOWITZ, an individual; 2020 PROPERTIES LLC, a Utah limited liability company; KRISTINE J. CARTER, an individual; and DOES 1-25 [Individual, Partnerships, Corporations or anyone claiming any interest to the property described herein],<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT 2020 PROPERTIES' MOTION FOR SUMMARY JUDGMENT AND TO RELEASE LIS PENDENS**<br><br>Case No. 2-11-cv-00260 DN<br><br>Magistrate Judge David Nuffer |

This case is before the magistrate judge by consent of the parties pursuant to 28 U. S. C. § 636(c).  The magistrate judge has reviewed Defendant 2020 Properties' Motion for Summary Judgment and to Release the Lis Pendens.[1]  For the reasons set forth below, Defendant's motion is GRANTED.

**Introduction**

This case was removed from Fifth Judicial District Court, Washington County, State of Utah by the consent of all defendants served.[2]  Plaintiff Aaron Needham's Verified Complaint named six defendants, including the movant 2020 Properties, LLC.  Only 2020 Properties, Wells

---

[1] Defendant 2020 Properties' Motion for Summary Judgment and to Release the Lis Pendens (Motion), docket no. 34, filed July 6, 2011.

[2] Notice of Removal, docket no. 2, filed March 17, 2011.

Fargo Bank, Shalom Rubanowitz and Kristine J. Carter remain as defendants in this case.[3] Rubanowitz was never served and claims against Wells Fargo were dismissed by a separate order.[4] The only claim remaining against Kristine Carter is the quiet title claim.

Needham seeks to recover possession of his home that he claims was wrongfully foreclosed and from which he was subsequently evicted by 2020 Properties.[5] His complaint alleges many causes of action, but 2020 Properties seeks summary judgment only on Needham's Ninth Cause of Action which seeks to quiet title. That cause of action is, however, dependent on facts underlying several other claims against other defendants which allege invalidity of the foreclosure sale by which 2020 Properties acquired title. 2020 Properties also seeks release of the lis pendens Needham filed because "[i]f summary judgment is granted, Mr. Needham will no longer have a claim which would affect the real property."[6]

## UNDISPUTED MATERIAL FACTS

2020 Properties opening memorandum[7] stated the following facts, and they were not disputed by Plaintiff. The facts retain the numbering given in the opening memorandum. Facts not material or in dispute are omitted.

> 2. The Verified Complaint recites that on or about September 29, 1995, Mr. Needham purchased certain real property (hereinafter the "Subject Property") located in Washington County, State of Utah, which is more particularly described as follows:

---

[3] *See* Order Granting Stipulated Motion to Dismiss Defendants Fannie Mae and eTitle Insurance Agency, docket no. 24, filed May 13, 2011. *See also* Order Granting Stipulated Motion to Dismiss Certain Claims and Causes of Action Against Defendant Kristine J. Carter, docket no. 74, filed October 26, 2011.

[4] Memorandum Decision and Order Granting Defendant Wells Fargo Bank N.A.'s Motion for Judgment on the Pleadings, docket no. 75, filed February 21, 2012.

[5] Memorandum in Opposition to Motion for Summary Judgment and to Release the Lis Pendens (Opposing Memorandum) at 2, docket no. 38, filed August 3, 2011.

[6] Memorandum in Support of Defendant 2020 Properties' Motion for Summary Judgment and to Release the Lis Pendens (Supporting Memorandum) at 2, docket no. 35, filed July 6, 2011.

[7] *Id.* at 2-5. Citations to supporting documents have been omitted.

ALL OF LOT NINETY-SEVEN (97), PINE VIEW ESTATES PHASE 5, ACCORDING TO THE OFFICIAL PLAT THEREOF, ON FILE IN THE OFFICE OF THE RECORDER OF WASHINGTON COUNTY, STATE OF UTAH.
Tax Parcel No. W-PVE-5-97.

3. On or about June 10, 1999, Mr. Needham executed a Trust Deed (hereinafter the "Sunbelt Trust Deed") in favor of Sunbelt National Mortgage to secure a loan (hereinafter the "Sunbelt Loan") on the Property.

4. Mr. Needham stopped making payments on the Sunbelt Loan.

5. On or about April 28, 2009, the Sunbelt Loan and Sunbelt Trust Deed were assigned by Sunbelt National Mortgage's successor in interest to Metlife Home Loans.

6. On or about September 2, 2010, the Sunbelt Loan and Sunbelt Trust Deed were assigned by Metlife Home Loans to Fannie Mae.

7. On or about June 23, 2010, eTitle Insurance Agency (hereinafter "eTitle") recorded a Notice of Default with respect to the Sunbelt Loan secured by the Sunbelt Trust Deed.

8. Mr. Needham attempted to communicate with both Metlife Home Loans and Fannie Mae to postpone the ensuing foreclosure sale.

9. On or about November 4, 2010, 2020 Properties purchased the Subject Property at a foreclosure sale conducted by eTitle pursuant to the foreclosure of the Sunbelt Trust Deed.

10. 2020 Properties paid $161,000.00 to purchase the Subject Property.

14. On April 20, 2011, Mr. Needham recorded a notice of the pendency of this action (hereinafter "Lis Pendens") on the Subject Property in the Washington County Recorder's Office as Entry No. 20110012222.

15. On or about May 13, 2011, the Court entered an order whereby the claims and causes of action asserted by Mr. Needham against Fannie Mae and eTitle Insurance Agency in the Verified Complaint were dismissed with prejudice.

In his opposing memorandum,[8] Needham cited additional undisputed material facts. Facts which are not material are not restated here.  Numbering is retained from Needhams' statement:

> 16. Chad Ferguson is a part owner and managing member of Defendant 2020 Properties.
>
> 17. After the foreclosure sale, on or about December 3, 2010, Mr. Needham received a Notice to Terminate Tenancy at Will from 2020 Properties.
>
> 18. On or about the 9th day of December, 2010, Mr. Needham still had not relinquished possession of the property, so Defendant 2020 Properties filed an eviction complaint against Mr. Needham with the Fifth District Court, Washington County (Case No. 100504474).
>
> 19. On or about December 17, 2010, Mr. Needham was served with a Summons and Eviction Complaint from Defendant 2020 Properties.
>
> 20. Mr. Needham filed his *pro se* answer [in the eviction action] on December 17, 2010.
>
> 21. Mr. Needham filed another answer [in the eviction action] on December 29, 2010.

## DISPUTED FACTS WHICH ARE NOT MATERIAL

Most of Needham's factual recitation includes facts not material to the claims against 2020 Properties, including facts regarding his claims against the other defendants Wells Fargo and Rubanowitz;[9] facts regarding the eviction action in Washington County and enforcement of that eviction judgment;[10] and facts regarding his disability.[11]  None of these facts are material to

---

[8] Opposing Memorandum at 2-8.  Citations to supporting documents have been omitted.

[9] *Id. ¶¶* 5-15, 31-35.

[10] *Id. ¶¶* 22-30.

[11] *Id. ¶¶* 2-4.

this case. The eviction action was concluded and adjudicated in Washington County and will not be re-examined here.[12]

Needham also alleges that

> 2020 Properties did . . . have actual or constructive notice of his claims against the Foreclosing Defendants. . . . because on the day of the foreclosure sale, a certain Mr. Chad Ferguson visited the subject property and spoke with Mr. Needham about the property.
> In that meeting, Mr. Needham informed Mr. Ferguson about the defects in title, including his discontent with IBM Lending and Wells Fargo, his inability to obtain a loan modification and intention to pursue legal action for the banks proceeding with the wrongful foreclosure sale.[13]

This statement is disputed by Mr. Ferguson who states Mr. Needham "did not say anything about any defects in title, his discontent with IBM Lending and Wells Fargo, his inability to obtain a loan modification, or his intention to pursue legal action for the banks proceeding with the foreclosure."[14] However, the dispute as to this discussion is not material because it is undisputed that 2020 Properties purchased the Subject Property at the foreclosure sale for the senior Sunbelt Trust Deed and any alleged grievances Needham has against IBM Lending or Wells Fargo are irrelevant to the sale to 2020 Properties.

## DISCUSSION

### I. Summary Judgment

Summary judgment may be entered if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] The court "examine[s] the factual

---

[12] Court Docket at 5 in *2020 Properties vs. Aaron David Trent Needham*, Utah Fifth District Court Case No. 100504474, attached as Exhibit A to Reply Memorandum in Support of Defendant 2020 Properties' Motion for Summary Judgment and to Release the Lis Pendens (Reply Memorandum), docket no. 46, filed August 17, 2011.

[13] Opposing Memorandum at 8-9 (citations omitted).

[14] Affidavit of Chad Ferguson ¶ 4, docket no. 47, filed August 17, 2011.

[15] Fed. R. Civ. P. 56(a).

record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[16]

        a.   *The Sunbelt Trustee's Sale is Presumed Valid*

In order to provide assurances to purchasers at foreclosure sales, Utah law provides that those sales are presumed valid and sets a high standard for those seeking to set aside a trust deed foreclosure sale.

> The purpose of strict notice requirements in a nonjudicial sale of property secured by trust deed is to inform persons with an interest in the property of the pending sale of the property, so that they may act to protect those interests.  The objective of the notice is to prevent a sacrifice of the property.  If that objective is attained, immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto.  A party who seeks to have a trustee sale set aside for irregularity, want of notice, or fraud has the burden of proving his contention, it being presumed, in the absence of evidence to the contrary, that the sale was regular. . . .  The remedy of setting aside the sale will be applied only in cases which reach unjust extremes.[17]

To set aside the foreclosure sale Needham must show "fraud or overreaching has been practiced by the trustee."[18]  Needham does not allege an unfair price was paid at the foreclosure sale or make any claim for want of notice.  Needham has dismissed his claims against the trustee and the note holder,[19] and Needham's allegations of fraud are only against the junior note holder Wells Fargo and its trustee.  Therefore, Needham fails to make a claim that would overcome the presumption that the trustee's sale under the Sunbelt Trust Deed is valid.

---

[16] *Applied Genetics Int'l, Inc. v. First Affiliated Sec*., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

[17] *Timm v. Dewsnup,* 86 P.3d 699, 705-06 (Utah 2003) (quoting *Concepts, Inc. v. First Sec. Realty Servs., Inc.,* 743 P.2d 1158, 1159 (Utah 1987)).

[18] *Blodgett v. Martsch,* 590 P.2d 298, 302 (Utah 1978).

[19] Order Granting Stipulated Motion to Dismiss Defendants Fannie Mae and eTitle Insurance Agency, docket no. 24, filed May 13, 2011.

### b. *2020 Properties Is a Bona Fide Purchaser*

2020 Properties also claims Needham cannot make claims against its title because 2020 Properites is a bona fide purchaser. "A bona fide purchaser is one who takes without actual or constructive knowledge of facts sufficient to put him on notice of the complainant's equity."[20]

Needham alleges that 2020 Properties is not a bona fide purchaser because of a conversation that Chad Ferguson of 2020 Properties had with Needham on the day of the foreclosure sale.[21] Needham claims that he told Ferguson about alleged defects in title and that Ferguson saw that Needham maintained possession of the house and had not yet made other living arrangements.[22] Specifically, Needham says he discussed his "discontent with IBM Lending and Wells Fargo."[23] "Discontent" is not material. Discontent with IBM and Wells Fargo is not material to 2020's position, since 2020 purchased at the foreclosure sale under the Sunbelt Trust Deed. Needham also says he discussed his "inability to obtain a loan modification."[24] That also is not material to Sunbelt's right to foreclose. Finally, Needham's "intention to pursue legal action for the banks proceeding with the wrongful foreclosure sale"[25] is not material to Sunbelt's rights. Nothing Needham alleges he discussed presents a material issue that would have put 2020 on notice of an adverse claim to title.

2020 Properties' ownership interest in the Subject Property is superior to any claim Needham may have from events surrounding the foreclosure of the junior Wells Fargo Trust

---

[20] *Blodgett*, 590 P.2d at 303. See also *Orso v. Cater*, 133 So. 2d 864, 867 (Ala 1961); *Sieger v. Standard Oil Co.*, 649, 318 P.2d 479, 484 (Cal. Dist. Ct. App. 1957).

[21] Opposing Memorandum at 12.

[22] *Id.* at 13.

[23] Affidavit of Aaron Needham ¶ 5, attached to Opposing Memorandum.

[24] *Id.*

[25] *Id.*

Deed because 2020 Properties purchased the Subject Property at the foreclosure sale of the senior Sunbelt Trust Deed.

        *c. Claims Against Wells Fargo and Rubanowitz Are Not Relevant to 2020 Properties*

Needham argues that summary judgment may not be granted because there are disputed facts regarding the alleged wrongs by Wells Fargo and its trustee Rubanowitz.[26] However, Needham himself pleads that Wells Fargo was a junior lienholder to the Sunbelt lien by which 2020 Properties took title.[27] The position of Wells Fargo and claims against it are irrelevant to the position which 2020 Properties acquired by its purchase at the foreclosure sale of the superior lien.

**II. Release of Lis Pendens**

The lis pendens must be released if Needham cannot establish "by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice."[28] Needham's claims regarding validity of the foreclosure process and sale have been dismissed with prejudice.[29] The claims against Wells Fargo have also been dismissed.[30] The facts asserted[31] in support of Needham's claim that he "is the equitable owner of the Subject Property"[32] are legally insufficient to support any claim of title.[33]

---

[26] Opposing Memorandum at 10-11, 14-16.

[27] Complaint ¶ 22.

[28] Utah Code. Ann. § 78B-6-1304(2)(b).

[29] Order Granting Stipulated Motion to Dismiss Defendants Fannie Mae and eTitle Insurance Agency, docket no. 24, filed May 13, 2011

[30] Memorandum Decision and Order Granting Defendant Wells Fargo Bank N.A.'s Motion for Judgment on the Pleadings.

[31] Supporting Memorandum at 13.

[32] Complaint ¶ 106.

[33] Supporting Memorandum at 14-20

The Utah lis pendens statute allows a lis pendens to support a claim to possession of real property as well as a claim to title.[34]  Needham also argues that he should "be allowed to retake possession of his home because 2020 Properties failed to strictly comply with unlawful detainer statutes and forcibly evicted Mr. Needham, a paraplegic, in violation of Utah law."[35]  However, this issue has already been decided by the state court which ordered that 2020 Properties was entitled to possession of the Subject Property.[36]  Therefore, Needham has no possession claim which would support a lis pendens.

The lis pendens must be released because the claims against 2020 Properties are the last remaining in the case; and with the entry of this order, this case no longer has a claim asserted by Needham affecting title to or possession of the subject property.[37]

### III. Attorneys Fees.

2020 Properties seeks an award of attorney's fees and costs under Utah Code Ann. § 78B-6-1304(6) which requires a court to make such an award unless it finds that "the nonprevailing party acted with substantial justification" or the award would be unjust.  There clearly is no substantial justification for Needham's claims, but his financial condition does make such an award unjust.

---

[34] Utah Code. Ann. § 78B-6-1303.

[35] Opposing Memorandum at 17.

[36] Order from March 10, 2011 Hearing, attached as Exhibit D to Reply Memorandum.

[37] Utah Code. Ann. §78B-6-1303

## ORDER

IT IS HEREBY ORDERED that Defendant 2020 Properties' Motion for Summary Judgment and to Release the Lis Pendens[38] is GRANTED. All claims against 2020 Properties are dismissed with prejudice. The lis pendens is RELEASED.

Dated February 28, 2012.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[38] Docket no. 34, filed July 6, 2011.